**[J-58-2017] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| SCF CONSULTING, LLC, | : | No. 7 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on 7/8/2016 at No. 1413 |
| | : | EDA 2015 affirming the Order entered |
| v. | : | on 4/24/2015 in the Court of Common |
| | : | Pleas, Philadelphia County, Civil |
| | : | Division at No. 01613 February Term, |
| BARRACK, RODOS & BACINE, | : | 2015. |
| | : | |
| Appellee | : | ARGUED:  September 12, 2017 |

### DISSENTING OPINION

**JUSTICE WECHT**                                          **DECIDED:  December 19, 2017**

Our Rules of Professional Conduct aim to protect the clients that lawyers represent.  Relevant to this case, this policy is vindicated by Rule 5.4, which generally invalidates fee-splitting between lawyers and non-lawyers.  The difficulty presented is that lawyers might invoke or deploy this rule as a shield or escape hatch so as to take advantage of non-lawyers who have helped generate fees but who are unfamiliar with the Rule barring lawyers from sharing those fees. This case provides our Court the burden and the opportunity to confront and, perhaps, ameliorate this dilemma.

In a thoughtful effort at resolution, the Opinion Announcing the Judgment of the Court ("OAJC") states that the contract action may proceed provided that the court first explores the parties' relative culpabilities with regard to any ethical violation.  I would eschew such a discretionary approach, which seems likely to promote or at least allow idiosyncratic, inconsistent, and unduly subjective outcomes.  Instead, I would adopt a

bright-line rule barring such fee-splitting agreements as unenforceable at law, but allowing non-lawyers to seek judicial relief in equity.[1]  Thus, I respectfully dissent.

The law of contracts long has recognized that an agreement which contradicts public policy is unenforceable.  Because our Constitution vests in this Court the authority and responsibility to supervise the practice of law in this Commonwealth, Pa. Const. art. 5, § 10, it falls to us to develop and implement policy regarding lawyers' ethical obligations.  By reference to our Rules of Professional Conduct, I would feel bound to apply this Court's expression of policy and would deem the contract at issue unenforceable under the age-old rubric.

As Rule 5.4 clearly states, fee-splitting between a lawyer and non-lawyer is impermissible.  This rule protects clients, placing their interests at the forefront.  As well, the rule prevents a lawyer from being influenced by a non-lawyer who has a financial interest in the outcome of a case.  *See ODC v. Jackson*, 637 A.2d 615, 620 (Pa. 1994).  In a policy decision of the judicial branch operating within its constitutional sphere of authority, this Court afforded primacy to the interests of lawyers' clients.  Relaxation of that rule should not be countenanced.  I would join the majority of jurisdictions that have held fee-splitting contracts unenforceable.  *See* OAJC at 4.

This approach may leave a blameless non-lawyer unable to recover at law notwithstanding that the non-lawyer has performed pursuant to an agreement.  This is particularly troublesome in view of the potential for scenarios in which lawyers with superior bargaining power could engage in sharp practice to whipsaw non-lawyers

---

[1]  In substance, I understand this to be the approach endorsed by *amicus curiae* the Pennsylvania Bar Association.  Brief of Pennsylvania Bar Association at 14-15.  I would endorse it as well.

unaware of Rule 5.4 or its consequences. Equity affords an avenue for redress. In such situations, I discern no impediment to an injured non-lawyer pursuing equitable relief. On appropriate occasions, Pennsylvania courts have recognized that relief in equity may be available even when relief under a contract is unavailable or when a contract is against public policy, particularly when the parties bear unequal blame for entry into the void contract. *See generally Shafer Elec. & Const. v. Mantia*, 96 A.3d 989, 996 (Pa. 2014) (holding that equitable relief was available when a contract was unenforceable); *Daley-Sand v. W. Am. Ins. Co.*, 564 A.2d 965, 971 (Pa. Super. 1989) (upholding an equitable remedy when enforcing a contract would violate public policy).

To prevail in equity (as distinct from a claim at law in tort or contract), the non-lawyer would have to demonstrate all of the predicates of an equity claim, such as unjust enrichment, unclean hands, or other elements, and would have to show that he or she entered into the agreement with clean hands. *See In re Estate of Pedrick*, 482 A.2d 215, 222 (Pa. 1984). In my view, this time-honored standard best accommodates the OAJC's recognition that the parties' relative levels of responsibility should be considered. *See* OAJC at 5-6.

Even so, it might fairly be argued that this approach still does too little to discourage attorneys from entering into fee-splitting contracts with non-lawyers. Our trial courts have an important role to play here. Courts that encounter such fee-splitting agreements, whether in enforcement pleadings or equity actions, should report the attorneys involved to the Office of Disciplinary Counsel for investigation. Further, in principle, I see no impediment that would bar the Disciplinary Board itself from requiring

disgorgement of fees when appropriate. *See* Pa.R.D.E. 204(b) (providing that conditions may be attached to certain types of discipline).

In this case, the Superior Court stated rather opaquely that SCF "does not raise any issue regarding [its] unjust enrichment claim. . . ." *SCF Consulting, LLC v. Barrack, Rodos & Bacine*, 1413 EDA 2015, slip op. at 7 n.4 (Pa. Super. July 8, 2016). This statement appeared in a footnote inserted after the Superior Court's list of SCF's issues on appeal, a listing that includes challenges to the trial court's dismissal of all counts of SCF's complaint. In its brief to the Superior Court, SCF did address (if briefly) remedies in equity. *See* Superior Court Brief for SCF at 27, 29-30. The Superior Court's footnoted comment might suggest that that court believed that SCF had waived any challenge ("any issue") to the dismissal of its unjust enrichment count. I find the Superior Court's language unclear, or at least insufficiently clear. I would remand to the Superior Court for a specific determination as to whether SCF has preserved its entitlement to seek equitable relief, a species of relief I would allow in these contexts as a general matter.

Justice Donohue joins this dissenting opinion.